**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | |
| LOCAL 688, INTERNATIONAL BROTHERHOOD OF TEAMSTERS | ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiff Martin J. Walsh, Secretary of Labor, alleges as follows:

### NATURE OF THE ACTION

1.     This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA or Act), 29 U.S.C. §§ 481-483, for a judgment declaring that the November 28, 2020 election of union officers conducted by Local 688, International Brotherhood of Teamsters (Defendant) for the offices of Secretary-Treasurer, President, Vice President, Recording Secretary, and three Trustees is void and directing the Defendant to conduct a new election, with new nominations, for these positions under Plaintiff's supervision.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3.     Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## PARTIES

4.     Plaintiff Martin J. Walsh is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5.     Defendant is, and at all times relevant to this action has been, an unincorporated association maintaining its principal office in Saint Louis, Missouri, within the jurisdiction of this district.

## FACTUAL ALLEGATIONS

6.     Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i) and (j) and 401(b) of the Act, 29 U.S.C. §§ 402(i) and (j) and 481(b).

7.     At all relevant times, Defendant was governed by the Constitution of the International Brotherhood of Teamsters (IBT Constitution).

8.     The IBT Constitution, Article XXII, Section 4(b), provides that "The election shall be by secret ballot…"

9.     The IBT Constitution, Article XXII, Section 5(b), provides the mandatory post-election protest procedures.

10.     Defendant has approximately 7,000 active members.

11.     Defendant represents employees who work in a variety of industries throughout the St. Louis, Missouri, metropolitan area.

2

12.     Membership meetings are held five times a year at different locations based on industry or shop.

13.     Some of these shop meetings are held at restaurants or hotels.

14.     The Executive Board meets monthly at the union hall.

15.     The Executive Board consists of the Secretary-Treasurer, President, Vice President, Recording Secretary, and three Trustees.

16.     The regularly scheduled election of officers for Local 688 was held in November 2020.

17.     All Executive Board offices were contested during the November 2020 election.

18.     A combined nomination and election notice was published in the June 2020 edition of the magazine for Joint Council 13 and mailed to all Local 688 members at their last known home addresses.

19.     Polling took place throughout November 2020, at the regularly scheduled membership meeting for each shop.

20.     There were 98 polling events during November 2020.

21.     Defendant had one "catch all" polling site, located at the union hall, that was open from 8:00 am to 2:00 pm on November 28, 2020, and was available to any member who had missed voting at their shop meeting polls.

22.     Polling took place at various types of locations, including shop lunch rooms, Elks Lodges, parking lots, and restaurants.

23.     The Business Agent for each shop was responsible for running the shop

meeting and suspending business so that members could vote.

24.     Some members of the Fair Election Committee (FEC) were also present at each meeting when polling took place and were responsible for checking voter eligibility and generally overseeing the conduct of the election.

25.     Defendant did not use physical partitions, such as voting booths, at any polling place.

26.     Defendant did not instruct voters that they were required to vote a secret ballot at polling places.

27.     Defendant did not establish set polling times at shop meetings.

28.     Defendant did not control the number of ballots distributed to voting members at any given time at polling places.

29.     Defendant set-up large tables on which voters were to mark ballots at polling places.

30.     At some polling places, members marked ballots while sitting at together at tables.

31.     At some polling places, members marked ballots while waiting in line to drop ballots in the ballot box.

32.     At some polling places, members marked ballots while standing at the ballot box.

33.     The polls closed at 2:00 pm on November 28, 2020.

34.     Ballots were tallied at each individual polling site and recounted in a final tally after the close of the polls on November 28, 2020.

35.     Approximately 1,100 ballots were cast.

36.     The Defendant's protest procedures for local officer elections are set forth in the IBT Constitution.

37.     Article XXII, Section 5(b) of the IBT Constitution requires that a member file an election protest within 72 hours after the election in writing to the Secretary-Treasurer of the Joint Council.

38.     At all relevant times, Michael Keithly was a member in good standing of Defendant.

39.     Keithly filed his protest with Joint Council 13 by letter dated November 29, 2020.

40.     Joint Council 13 denied Keithly's protest by letter dated February 25, 2021.

41.     Keithly filed an appeal with IBT President James P. Hoffa by letter dated March 7, 2021.

42.     Having exhausted the remedies available without receiving a final decision for three calendar months after his November 29, 2020 invocation, Keithly timely filed his complaint with the Secretary of Labor on March 15, 2021, within the one calendar month required by section 402(a)(1) of the Act. 29 U.S.C. § 482(a)(1), (2).

43.     As of Keithly's March 15 Complaint, the IBT General Executive Board had not issued a Decision on Keithly's March 7, 2021 appeal.

44.     By letter signed June 3, 2021, Defendant agreed that the time within which Plaintiff may bring suit with respect to Defendant's aforesaid election be extended to July 23, 2021.

## Count 1

### 29 U.S.C. § 481(c)

45.     Section 401(c) of the LMRDA provides, in relevant part, that "adequate safeguards to insure a fair election shall be provided… ." 29 U.S.C. § 481(c).

46.     Defendant violated section 401(c) by failing to provide clear instructions and structure during shop meetings to insure a fair and democratic secret ballot election.  Defendant permitted members to mark ballots inside shop meeting rooms and restaurants while sitting together at tables in close enough proximity to permit them to see the markings on other voters' ballots.  Defendant permitted members to mark ballots while waiting in line together to drop ballots in the ballot box, during which time they were in close enough proximity to permit them to see the markings on other voters' ballots.  Defendant permitted members to mark ballots together on a truck tailgate in a parking lot, during which time they were in close enough proximity to permit them to see the markings on other voters' ballots, before dropping ballots in the ballot box.  Defendant did not use physical partitions or voting booths to separate voters.  Defendant did not instruct its membership that all members are required to mark and vote a secret ballot. Defendant did not control the number of ballots distributed to members at any given time.  Defendant did not establish specific times during shop meetings when

6

polling was to occur.

## Count 2

### 29 U.S.C. § 481(b)

47.     Section 401(b) of the LMRDA states that a local labor organization "shall elect its officers by secret ballot."  29 U.S.C. § 481(b).

48.     Defendant failed to insure that its members elected the officers in the November 2020 election by secret ballot election.  Defendant permitted members to mark ballots inside shop meeting rooms and restaurants while sitting together at tables in close enough proximity to permit them to see the markings on other voters' ballots.  Defendant permitted members to mark ballots while waiting in line together to drop ballots in the ballot box, during which time they were in close enough proximity to permit them to see the markings on other voters' ballots. Defendant permitted members to mark ballots together on a truck tailgate in a parking lot, during which time they were in close enough proximity to permit them to see the markings on other voters' ballots, before dropping ballots in the ballot box.  Defendant did not use physical partitions or voting booths to separate voters. Defendant did not control the number of ballots distributed to members at any given time.  Defendant did not instruct its membership that all members are required to mark and vote a secret ballot.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests judgment:

(a) declaring Defendant's November 2020 officer election for the positions

of: Secretary-Treasurer, President, Vice President, Recording

Secretary, and three Trustees void;

(b) directing Defendant to conduct a new election, including new

nominations for the offices of Secretary-Treasurer, President, Vice

President, Recording Secretary, and three Trustees under the

supervision of Plaintiff;

(c) for the costs of this action; and

(d) for such other relief as may be appropriate.

Respectfully submitted,

MARTIN J. WALSH
Secretary of Labor
United States Department of Labor

SAYLER A. FLEMING
United States Attorney

 */s/ Nicholas P. Llewellyn*
Nicholas P. Llewellyn #43839MO
Assistant United States Attorney
111 So. 10th Street, 20th Floor
St. Louis, MO  63102
(314) 539-7637
(314) 539-2287 FAX
Nicholas.llewellyn@usdoj.gov

OF COUNSEL:

ELENA S. GOLDSTEIN
Acting Solicitor

BEVERLY DANKOWITZ
Associate Solicitor

JEFFREY LUPARDO
Counsel for Labor-Management and Civil Rights Enforcement

SAMUEL I. DePRIMIO
Attorney

U.S. Department of Labor